IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GEOFFREY L. RASHAW, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 07-00714-CV-W-GAF |
| | ) | Crim. No. 03-00157-CR-W-GAF |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOVANT'S § 2255 MOTION

Movant, Geoffrey L. Rashaw, was first indicted in this case on May 7, 2003, for one count of being a felon in possession of firearms and for one count of possessing a sawed-off shotgun that was not registered to him in the National Firearms Registration and Transfer Record. A Superseding Indictment was returned on September 20, 2003, and an additional count of being a felon in possession of a firearm was added, based on Rashaw's possession of another firearm - an assault rifle - the day he was arrested on the original indictment. Motions to suppress evidence were filed in this case, a hearing was held, and on December 19, 2003, the Magistrate Court issued a Report and Recommendation that the suppression motion be denied. This Court adopted the Magistrate Court's Report and Recommendation on December 30, 2003, and denied the requests to suppress evidence.

Rashaw's trial began on January 7, 2004, and ended on January 8, 2004, with the jury finding him guilty on the three counts of illegal possession of firearms. Rashaw filed a Notice of Appeal (No. 04-2030) of the verdict on January 16, 2004, and it was dismissed as premature. On April 23, 2004, the Court held a sentencing hearing to consider evidence that Rashaw was responsible for a double homicide in connection with his illegal firearms possession. On July 6,

2004, the Court held a hearing on Rashaw's motion to dismiss his attorney. The Court granted the motion on July 7, 2004.

On March 7, 2005, this Court sentenced Rashaw to a term of 120 months imprisonment on Counts 1, 2, and 3, with the terms to run consecutively for a total of 360 months.

On March 25, 2005, Rashaw filed a Notice of Appeal *pro se*. The Eighth Circuit Court of Appeals affirmed the judgment of the district court on March 20, 2006. 170 Fed. Appx. 986 (8th Cir. 2006). The Petition for Rehearing was denied on April 25, 2006, and the mandate was issued on May 2, 2006.

On June 12, 2006, the Eighth Circuit ordered defense counsel, as he had filed a motion to withdraw, to advise Rashaw of the right to file a petition for writ of certiorari as well as advise Rashaw of the merits and likelihood of success in filing such a petition. If counsel determined there were no meritorious issues, he was to assist Rashaw in filing the petition *pro se* and advise Rashaw of the time limits for filing such a petition. On June 13, 2006, counsel wrote a letter advising Rashaw of the proper procedures to file a petition for writ of certiorari to the Supreme Court and further advised him that he had 90 days from the date of the denial of the petition for rehearing.

Rashaw filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody on September 20, 2007, listing twenty-four allegations[1] of ineffective assistance of counsel. They can be summarized as follows:

1. The serial number of the shotgun listed in Count Two of the Indictment differed from the trial testimony regarding that firearm;

2. The Presentence Investigation Report contained false information that was not challenged by defense counsel;

3. The defense attorney failed to argue that Rashaw's psychiatric evaluation was inadequate;

4. The defense attorney failed to argue that the notice of intent to enhance sentence was untimely because it can after trial;

5. The defense attorney failed to argue that the sentencing enhancement hearing was held without a jury. The defendant's amended petition also alleges that it was error for the court to decide the issue by a preponderance of the evidence rather than beyond a reasonable doubt;

6. The defense attorney failed to obtain "authenticated" copies of the search warrant applications and warrants;

---

[1]These 24 points are taken from Rashaw's "Supporting Facts" section of his pleading. There are separate claims in the motion relating to "unconstitutional search and seizure" which duplicate issues raised among the 24 points. Further, Rashaw filed an additional pleading on October 19, 2007, in which he "briefed" six additional claims. These did not raise any new issues other than his name is Rashaw-Bey, not just Rashaw. Finally, the Court granted a request to amend the petition in which Rashaw alleged errors at sentencing including that his sentencing enhancement was improperly decided by the court by a preponderance rather than by a jury beyond a reasonable doubt. That "amendment" is the same issue raised by Rashaw, claim #5 of 24.

7. The defense attorney failed to obtain the names of all the law enforcement officers who participated in the execution of the search warrants and his arrest;

8. & 9. The defense attorney failed to challenge the execution of the search conducted on May 12, 2003 and March 6, 2002;

10-12. The defense attorney failed to challenge the authenticity of the grand jury, the indictment, the superceding indictment and the subpoenas issued for witnesses to appear before the grand jury;

13. The defense attorney refused to allow Rashaw to participate in the jury selection and the jury panel did not contain any Moorish-Americans;

14. The defense attorney refused to allow the defendant to communicate with him during the trial;

15. The defense attorney failed to inform Rashaw of any plea agreement;

16. The defense attorney failed to inform the jury that "Schizophrenia cannot be cured, only treated";

17. The defense attorney failed to call witnesses for the defense and thus the defendant was forced to testify;

18. The defense attorney failed to investigate the ownership of a cell phone recovered in one of the searches;

19. The defense attorney failed to trace a firearm based upon the gun box recovered from the defendant's closet;

20. The defense attorney failed to challenge the evidence of Rashaw's prior felony conviction;

21. The defense attorney failed to challenge the indictment on the grounds of pre-indictment delay;

22. The defense attorney failed at trial to submit information relating to Mr. Rashaw's membership in the National Rifle Association; and

23-24. The defense attorney failed to introduce evidence that the third floor, Rashaw's living space, was locked at all times and was under construction.[2]

Rashaw's claim alleging ineffective assistance of counsel is governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quoting *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong. Under the performance prong, the court must apply an objective standard and

> determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, *Strickland*, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. *Id*. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'"

*Lawrence*, 961 F.2d at 115 (quoting *Strickland*, 466 U.S. at 694).

Failure to satisfy both prongs is fatal to the claim. *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered

---

[2] Upon review of the record, Respondent's position is found to be persuasive. Much of the Respondent's brief is adopted without quotation designated.

5

no prejudice from the alleged ineffectiveness"); *see also DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). In the present case, Rashaw's claim fails to establish either attorney error or prejudice. Therefore, Rashaw's motion as to this ground under 28 U.S.C. § 2255 should be denied.

In this case, Rashaw alleges numerous instances of ineffective assistance of his trial counsel. These claims fit into general categories: failure to object to the search warrants, (6-9), failure to challenge the grand jury process (10-12), failure to raise pretrial issues (3 & 21), trial errors (1, 13-20, 22-24), and sentencing errors (2, 4 & 5).

Failure to object to search warrants (6-9)

Rashaw claims ineffective assistance of counsel because his attorney did not obtain authenticated copies of the search warrant applications and warrants (6), did not obtain the names of all officers participating in the search (7), and did not challenge the scope of the search on either 5/12/2003 or 03/06/2002 (8 & 9). The defense attorney filed two motions to suppress evidence obtained from Rashaw's residence, 3607 S. Chestnut, Kansas City. On November 12, 2003, a hearing was held on the motions. The motions were rejected by the magistrate judge and that recommendation was affirmed by the district court. While not successful, the defense attorney clearly acted effectively in litigating the search issues.

Failure to challenge the grand jury process (10-12)

Rashaw claims his attorney was ineffective for failing to challenge the authenticity of the grand jury, the indictments and the grand jury subpoenas. However, there is nothing in the record to indicate any such effort would have had any merit or been successful. These claims would have been frivolous. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (if

6

there is no reasonable probability that the motion would have been successful, movant cannot prove prejudice); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (stating that resolution of the prejudice inquiring will depend largely on the likelihood of success if the alleged error were corrected).

Failure to raise pretrial issues (3 & 21)

Rashaw claims that his attorney was ineffective for failing to challenge the process of his mental examination and for failure to file a motion to dismiss for pre-indictment delay. Counsel for Rashaw filed a motion pursuant to 18 U.S.C. § 4241 for a determination of mental competency of Rashaw. A psychiatric examination was ordered and report received concluding that Rashaw was competent to stand trial. It is not clear how a challenge to Rashaw's psychiatric examination would have been of any avail to Rashaw. The Court determined that Rashaw was competent and any further challenge by defense counsel would have been without merit. Rashaw suffered no prejudice. Thus, trial counsel's performance in this area cannot be faulted. Rashaw claims that his attorney should have filed a motion to dismiss for pre-indictment delay based upon a 14 month delay. However, Rashaw does not allege any prejudice from the delay. Absent such claim, the motion would have been denied. *United States v. Sprouts*, 282 F.3d 1037 (8th Cir. 2002).

Trial errors (1, 13-20, 22-24)

Rashaw claims ineffective assistance because the serial number of a shotgun did not match the serial number listed in the indictment. Such a claim goes to the weight of the evidence which was resolved against him by the jury. Rashaw claims he was not allowed to assist in the selection of the jury. However, trial counsel refutes this claim and specifically stated that Rashaw struck juror 21 against counsel's advice and chose juror 3 against counsel's advice.

7

Clearly, Rashaw was allowed to participate in the jury selection. Rashaw also claims he could not communicate with his attorney during the trial because the investigator was seated between Rashaw and trial counsel. Again, there is no error in this seating arrangement. Trial counsel stated that the investigator was between the two men to allow trial counsel to listen to and evaluate the witnesses' testimony. Rashaw further claims that he was forced to testify because trial counsel refused to call other witnesses on his behalf. Rashaw did not state the names of any other witnesses. Trial counsel stated that he did not refuse to all any witnesses and that the defendant's brother did testify and claimed ownership of one of the firearms. Further, trial counsel stated that he advised Rashaw not to testify. The other claims of trial error are clearly frivolous and would not have had any impact on the jury's verdicts in this case.

Sentencing errors (2, 4 & 5)

Rashaw alleges that his defense attorney failed to argue "false or inaccurate information" in his Presentence Investigation Report (PSR). In fact, the defense attorney did file objections to the PSR, and a full sentencing hearing was held on April 23, 2004. Rashaw further claims that the defense attorney failed to argue that the notice of enhancement of sentence was not filed until after the defendant was convicted. Rashaw is correct, the Memorandum of Law Regarding Sentencing was filed by the government on February 20, 2004, following the trial of the case. However, there is no error by the defense attorney in failing to object because it was a timely notice of the government's position.

Evidentiary Hearing

A movant is entitled to a hearing on a § 2255 motion "unless the motion, files, and record conclusively show" that he is not entitled to relief. *United States v. Regenos*, 405 F.3d 691, 694

8

(8th Cir. 2005).  A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.  *Regenos, id., Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003).  Accordingly, no evidentiary hearing need be held if the motion, files, and record conclusively show that the defendant is not entitled to relief, *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997); if the record contains all of the information necessary to rule on the motion, *Convey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004); or if the claims are inadequate on their face, *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996).

Here, Rashaw's allegation of ineffective assistance of counsel does not require an evidentiary hearing because the arguments are contradicted by the record and the Eighth Circuit's opinion.

### Certificate of Appealability

Rashaw must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability on these issues.  *See Garret v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  No such showing is made herein and the issuance of a certificate of appealability is denied.

9

WHEREFORE, for the reasons stated herein, Rashaw's § 2255 motion is denied without an evidentiary hearing, and without issuance of a certificate of appealability.

                                             s/ Gary A. Fenner
                                             GARY A. FENNER, JUDGE
                                             UNITED STATES DISTRICT COURT

DATED:   January 30, 2008